UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JERAL MEAD, by and through Jennifer
Inez Glission, POA,

        Plaintiff,

vs.                                Case No.   2:04-cv-638-FtM-33DNF

MARRIOTT SENIOR LIVING SERVICES,
INC., now known as Sunrise Senior
Living Centers, Inc.,

        Defendant.
_____

## ORDER

This matter comes before the Court on Plaintiff's Motion for Remand (Doc. #5) filed on January 21, 2005. The Defendant filed a Response to Plaintiff's Motion to Remand (Doc. #11) on February 15, 2005. The Plaintiff contends that the Defendant's Notice of Removal (Doc. #1) was untimely filed pursuant to 28 U.S.C. § 1446(b) (2004). Section 1446(b) states, "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading...." Here, both the Summons and Complaint were served on the Defendant on September 17, 2004. The Defendant removed this case from the Circuit Court of the Twentieth Judicial Circuit of the State of Florida in and for Lee County on December 30, 2004.

The Defendant contends that the Florida Statutes § 400.0233 requirement of pre-suit investigation, tolls the thirty-day period provided in 28 U.S.C. § 1446(b). Further, the Defendant states that in accordance with Florida Statutes § 400.0233(2), Plaintiff served Defendant with Notice of Intent to initiate litigation on April 27, 2004. After receiving notice of denial of the claim, the Plaintiff filed suit against the Defendant in Circuit Court of the Twentieth Judicial Circuit for Lee County on August 27, 2004. The Defendant was served with a Summons and a Complaint on September 17, 2004. The Defendant argues that pursuant to Florida Statutes § 400.0233(11), the parties agreed to a thirty-day extension of time to conduct mediation. That mediation was held on December 7, 2004 and resulted in an impasse. It is Defendant's contention that since the parties mutually agreed to an extension of time for mediation, the agreement also operated to toll any limitations imposed by statute pending mediation.

"State procedural rules are trumped by the Federal Rules of Civil Procedure in diversity actions." Thompson v. Kindred Nursing Ctr. E., LLC, 211 F. Supp. 2d 1345, 1353 (M.D. Fla. 2002)(citing Braddock v. Orlando Reg'l Health Care Sys., Inc., 887 F. Supp. 580, 582 (M.D. Fla. 1995)). Thus, 28 U.S.C. § 1446(b) is controlling and removal to this Court should have been made within thirty days after the September 17, 2004 receipt of the Summons and Complaint by the Defendant. Since Defendant's Notice of Removal (Doc. #1)

was not filed until December 30, 2004, it is untimely.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

1. Plaintiff's Motion for Remand (Doc. #5) is **GRANTED**. This case is hereby **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit, in and for Lee County, Florida.

2. The Clerk is directed to close the case and terminate all previously scheduled deadlines and pending motions.

**DONE** and **ORDERED** in Chambers in Fort Myers, Florida, this 7th day of June, 2005.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record